FRANCES PABST, BY NEXT FRIEND ET AL., RESPONDENTS, v. HUDSON AND MANHATTAN RAILROAD COMPANY, APPELLANT.

Submitted October 16, 1925—Decided May 5, 1926.

Negligence—Injury to Railroad Passenger While Going Down Defendant's Stairs—There was. Evidence of Negligence to Justify Letting Case Go to Jury—Judge Charged that "Girl was a Passenger and was Entitled to Have Stairway in Good Condition for Her to be Carried on it"—This was Wrong; It Made the Company an Insurer—The Duty of Company is Merely to Exercise Reasonable Care to Provide a Safe Place for Passengers Going to and Coming From Trains.

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Alexander Simpson.*

PER CURIAM.

This appeal brings up a judgment entered upon a verdict in favor of the plaintiff Frances Pabst, who sued to recover compensation for injuries resulting from a fall while going down the steps of the railroad company's station at Exchange place, in the city of Jersey City. The averment of her complaint was that she slipped and fell by catching her

shoe in a defective nosing upon one of the steps. The mother of this girl also sued to recover compensation for the expenses to which she was put by reason of her daughter's injury. The jury, however, rendered no verdict either for or against her.

The first ground upon which a reversal is sought is that the court erred in refusing to direct a verdict for the defendant, the contention being that there was no evidence of any negligence on its part. Our examination of the proofs leads us to the conclusion that it was a question for the jury whether the accident occurred as the plaintiffs claim, and, if so, whether the condition of the nosing had not been in existence for a sufficient time to charge the defendant with notice thereof. We conclude, therefore, that the refusal to direct a verdict for the reason stated was proper.

The next contention is that there should be a reversal in this case because of the fact that the jury rendered a verdict in favor of the daughter, but no verdict at all either for or against the mother. This fact, however, affords no justification for reversing the judgment in favor of the daughter. The failure of the jury, instead of being harmful, was beneficial to the defendant.

The last ground upon which we are asked to reverse this judgment is directed at the following instruction of the court to the jury: "The girl was a passenger, and was entitled to have the stairway in good condition for her to be carried on it." We consider that this instruction placed upon the defendant company a greater burden than was justified by the law. In effect, it made the company an insurer. The true rule is stated by Mr. Justice Garrison, writing for the Court of Errors and Appeals, in the case of *Mason* v. *Erie Railroad Co.*, 75 *N. J. L.* 521, which, in effect, is as follows: The duty of the railroad company is merely to exercise reasonable care to provide a safe place for passengers going to and coming from its trains.

For the error in the charge, we conclude that the judgment under review should be reversed.